# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**RANDY ANDERSON,**                                            **PETITIONER**

**v.**                    **No. 3:11CV1-M-A**

**DANNY SCOTT, ET AL.**                               **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Randy Anderson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. The petitioner has not responded, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the petition dismissed as untimely filed.

## Facts and Procedural Posture

Randy Anderson was convicted for murder in the Circuit Court of Montgomery County, Mississippi. He was sentenced to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. On September 15, 1998, the Mississippi Court of Appeals affirmed Anderson's judgment of conviction and sentence. (Cause No. 97-KA-00772-COA). Anderson's motion for rehearing of the court's decision was denied by Order filed December 18, 1998, and a subsequent petition for writ of certiorari was denied on February 18, 1999. Anderson did not file a petition for writ of certiorari to the United States Supreme Court.

Anderson signed an "Application for Leave to File Motion for Post Conviction Collateral Relief" on November 14, 2001, which was stamped as "filed" in the Mississippi Supreme Court on November 20, 2001. The Mississippi Supreme Court denied Anderson's application on

September 18, 2002. (Cause No. 2001-M-01811). Within this same cause number, Anderson filed a document entitled "Motion for Reinstate Time on Outdated Three Year's Period on Post-Conviction Collateral Relief," a request for reconsideration of the court's order denying his application for leave to seek post-conviction relief. This motion was denied on December 23, 2002, and stamped as "filed" on January 23, 2004.

Anderson also signed a "Petition to Clarify Sentence" on August 16, 2005, stamped as "filed" in the Mississippi Supreme Court on August 24, 2005. This pleading was dismissed by the state court based on Anderson's failure to first seek relief in the trial court. (Cause No. 2005-M-1655).

Finally, Anderson filed two additional pleadings for post-conviction relief in 2010. He signed a "Motion for Post-Conviction Relief" on May 15, 2010, which was filed in the Mississippi Supreme Court on May 18, 2010. This motion was dismissed by the court on June 16, 2010, as untimely, successive and alternatively without merit. (Cause No. 2010-M-00815). Anderson signed a second motion for post-conviction relief on August 27, 2010, which was stamped as filed on August 31, 2010. This application was denied on October 1, 2010, as successive, untimely and alternatively for lack of merit. (Cause No. 2010-M-00815). The instant petition for a writ of *habeas corpus* was filed in this court on January 3, 2011.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Anderson's judgment became final ninety days after the state court affirmed his judgment and ultimately denied *certiorari* review, on May 19, 1999 (February 18, 1999, plus 90 days). *Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *see also* 28 U.S.C. § 2101. Thus, the initial deadline for Anderson to file federal petition for a writ of *habeas corpus* became May 19, 2000. As set forth in the recitation of the procedural posture of this case above, Anderson did not, however, file an application for post-conviction collateral relief – as set forth in 28 U.S.C. § 2244(d)(2) – by May 19, 2000. He did not file such a pleading until November 14, 2001 – some 544 days after the deadline to file his federal *habeas corpus* petition expired. A such, he does not benefit from statutory tolling of the federal *habeas corpus* limitations period, and his federal deadline remains May 19, 2000. *Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district

court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, Anderson's federal petition was filed sometime between the date it was signed on December 29, 2010, and the date it was received and stamped as "filed" in the district court on January 3, 2011.[1] The instant petition was thus filed over ten years May 19, 2000, filing deadline. The petitioner has not alleged any "rare and exceptional" circumstances to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 20th day of April, 2011.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] The instant petition was inadvertently stamped with the date January 3, **2010**, rather than January 3, 2011 – as the date it was filed with the court. The actual date the petition was received and filed with the court was January 3, 2011.